UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA M. BOLAR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-49 SNLJ |
| | ) | |
| GATEWAY 180 OF ST. LOUIS, | ) | |
| MISSOURI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this civil action. Based on the information provided in plaintiff's financial affidavit, the motion will be granted. On initial review, however, the Court will dismiss plaintiff's case without prejudice under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff sues more than thirty defendants, alleging violations of her constitutional and statutory rights. Included as defendants are the St. Louis Metropolitan Police Department, the City of St. Louis, St. Louis Sherriff's Office, Omaha Police Department, Douglas County Sheriff's Office, United States Department of Homeland Security, United States Air Force, Air Force Office of Special Investigations, St. Louis Fire Department, FBI, Western Union, Walmart Incorporated, Money Gram Incorporated, PayPal Incorporated, Google Incorporated, T-Mobile Incorporated, Spring Incorporated, and Does 1-100.

Plaintiff claims defendants have violated her

> civil, constitutional, and other statutory rights in an ongoing racketeering scheme and criminal conspiracy, of which plaintiff is a crime victim and complaining witness, which has its origins in New York City, but has crossed the state lines of multiple U.S. States (including but not limited to the State of Missouri) and multiple national boundaries of multiple foreign countries, involving tens of billions of dollars, for which there has already been more than one related federal criminal trial, in New York and in other U.S. States.

In various parts of her twenty-page complaint, plaintiff alleges she was travelling by Greyhound bus from Omaha, Nebraska to St. Louis, Missouri. At some point she entered the emergency room of Barnes-Jewish Hospital, where she was robbed of $968. As a result of the theft, she sought shelter at defendant Gateway 180 homeless shelter. She claims several people, including her biological sisters and a New York Assemblyman have stolen copyrights to her intellectual property, including poems, prose, apparel designs, textile surface digital art, digital

2

designs, patent applications for anti-electronic warfare, trade secrets, etc. She also implicates the Italian and Russian mafia in an alleged criminal conspiracy.

For relief, plaintiff seeks an injunction and declaratory judgment, and anticipates filing a separate civil action for damages.

## Discussion

Having carefully reviewed and liberally construed the complaint, the Court has concluded that it is factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). An action is factually frivolous if the facts alleged are "clearly baseless." Allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.* "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

The Court finds plaintiff's complaint is frivolous and without merit, and should be dismissed under 28 U.S.C. § 1915(e)(2)(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERRED** that plaintiff's motion for leave to amend the complaint is **DENIED as moot**. [ECF No. 4]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of February, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE